## BANDER v. BRESLAUER et al.
### Civ. No. 41-59.
District Court, S. D. New York.
July 12, 1947.

Bogart & Lonergan, of New York City, for plaintiff.

Levien, Singer & Neuberger, of New York City, for defendant.

KNOX, District Judge.

The within motion is denied, and for two reasons: (1) The Civil Rules of Procedure, 28 U.S.C.A. following section 723c, have been in effect for almost nine years, and by this time, compliance therewith, particularly upon the part of a plaintiff, should almost be automatic, (2) the matter as to whether plaintiff is within the coverage of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., can be more accurately determined by a judge than by a jury.

## UNITED STATES v. ARENS.
### Civ. A. No. 3070.
District Court, E. D. New York.
June 5, 1947.

that he executed the consent as the result of fraud practiced upon him, or because he was under duress, mental or physical.

The motion is denied for failure to present any facts which would justify granting it.

Settle order.

J. Vincent Keogh, U. S. Atty., of New York City (Frank J. Parker, of Brooklyn, N. Y., of counsel), for plaintiff.

Morton Singer, of New York City (P. Bateman Ennis, of Washington, D. C., of counsel), for defendant.

BYERS, District Judge.

This is a motion by the defendant, noticed for May 21, 1947, to vacate a judgment dated January 28, 1943, entered upon his written consent acknowledged January 28, 1943, that the certificate of naturalization granted to him on March 15, 1940, he vacated, cancelled and set aside. Thus more than four years elapsed between the judgment and the attempt to vacate it.

Rule 60 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, gives the Court power to relieve a party from a judgment or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect, but such a motion must be made within six months. Thus it follows that power to grant the motion must be sought elsewhere.

A bill of review in equity lies to vacate a consent decree where it is voidable because of fraud or duress. Restatement—Judgments, § 121; Thompson v. Maxwell, 95 U.S. 391, 24 L.Ed. 481.

The statements made by Alrich Arens to the Assistant U. S. Attorney and to the Special Assistant to the Attorney General, which antedated the complaint and the consent herein, have been examined, and are quite destructive of any contention